IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 OCT 26 P 3: 42

| | |
|---|---|
| Christopher Odom,<br>    Plaintiff,<br><br>v.<br><br>Belk, Cobb, Infinger, & Goldstein, PA, and<br>Julie Armstrong,<br>    Defendants. | Case No. 2:10-cv-2376-RMG-JRM<br><br>**ORDER** |

This matter is before the court in Plaintiff's *pro se* civil action for defamation and fraud. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On September 23, 2010, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 7). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report October 1, 2010. (Dkt. No. 9).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiffs' Objections, the court agrees with the conclusions of the Magistrate Judge. Here, the Court does not have jurisdiction to entertain this matter. Both Plaintiff and Defendants are residents of South Carolina. As a result, complete diversity does not exist.

Further, from a thorough review of the record, it is clear that the allegations of the Complaint do not give rise to an action for which relief may be had in any event. First, the Law Firm of Belk, Cobb, Infinger, and Goldstein is subject to summary dismissal because it has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. Second, Julie Armstrong, the Clerk of Court for Charleston County, is entitled to summary dismissal because of quasi judicial immunity. The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal citations and quotations omitted).

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. (Dkt. No. 7). Therefore, based on the above, this matter must be dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

October 26, 2010
Charleston, South Caorlina